Form G-3.1

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: Brian Sexton | ) | Chapter 13 |
| | ) | |
| | ) | No. 22-00974 |
| | ) | |
| Debtor(s) | ) | Judge Jacqueline Cox |

## NOTICE OF EMERGENCY MOTION

TO: See attached list

PLEASE TAKE NOTICE that on January 30, 2023, at 2:00 p.m., I will appear before the Honorable Jacqueline Cox, or any judge sitting in that judge's place, **either** in courtroom 680 of the Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn Street, Chicago, IL 60604, **or** electronically as described below, and present the motion of Jamila Aldasheva [to/for] Relief from the Automatic Stay, a copy of which is attached.

**All parties in interest, including the movant, may appear for the presentment of the motion either in person or electronically using Zoom for Government.**

You may appear electronically by video or by telephone:

**To appear by video**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and passcode.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

**Meeting ID and passcode.** The meeting ID is 1612732896, and the passcode is 778135. The meeting ID and passcode can also be found on the judge's page on the court's web site.

In addition to other grounds for opposing the motion, you may oppose the motion on the basis that emergency treatment is not appropriate.

By: /s/ Justin R. Storer

**Please note:** This form may be used only after the court grants the movant's application under Local Rule 9013-2.

## **CERTIFICATE OF SERVICE**

     I, Justin R. Storer, certify [if an attorney]/declare under penalty of perjury under the laws of the United States of America [if a non-attorney] that I served a copy of this notice and the attached motion on each entity shown on the attached list at the address shown and by the method indicated on the list on January 27, 2023, at 12:00 p.m.

          /s/ Justin R. Storer
          [Signature]

# SERVICE LIST

Service via CM/ECF notification:

| | |
|---|---|
| **Thomas H. Hooper** | thomas.h.hooper@chicagoch13.com |
| **Patrick S. Layng** | USTPRegion11.ES.ECF@usdoj.gov |
| **David Ratowitz** | David@RatowitzLawGroup.com |

Service via email:

| | |
|---|---|
| **Glen Kaufman** | gkauf92406@aol.com |
| **David Ratowitz** | David@RatowitzLawGroup.com |
| **Brian Sexton** | bsexton@alumni.upenn.edu |
| **Dean Tatooles** | dtatooles@colesadkin.com |

Service via fax:

**Dean Tatooles**        312.372.7076

Telephone notice:

| | |
|---|---|
| **David Ratowitz** | 812.271.4400 (J. Storer left voicemail at 10:48 a.m.) |
| **David Ratowitz** | 312.577.9405 (J. Storer spoke to counsel at 10:50 a.m.) |
| **Glen Kaufman** | 773.252.4266 (J. Paulsen spoke to counsel at 10:50 a.m.) |
| **Dean Tatooles** | 312.458.8610 (J. Paulsen left voicemail at 10:52 a.m.) |

Service via first-class mail:

**Brian Sexton**
25 E. Superior St #4201
Chicago, IL 60611

Service via courier delivery overnight service (Saturday receipt):

**Brian Sexton**
25 E. Superior St #4201
Chicago, IL 60611

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 13 |
| **Brian Sexton,** | Bankruptcy No. 23-00974 |
| Debtor. | Honorable Jacqueline P. Cox |

**EMERGENCY MOTION FOR RELIEF
FROM THE AUTOMATIC STAY**

Brian Sexton (the "**Debtor**") filed this chapter 13 bankruptcy case—without creditors, without signatures, without schedules or statements—less than 2 hours before a divorce court hearing where he was likely to be ousted from the marital residence that was ordered to be sold. Jamila Aldasheva, therefore, seeks relief from the automatic stay so that she may continue her efforts to sell their former marital residence at 25 E. Superior, Unit 4201, Chicago, IL 60611 (the "**Property**").

Aldasheva requests entry of an order, substantially in the form attached hereto, modifying the automatic stay pursuant to 11 U.S.C. 362(d)(1), providing that she may take all steps necessary to enforce the divorce court's orders regarding the marital property, including but not limited to removing the Debtor from the Property and listing and selling the Property unencumbered by the automatic stay, and finding that the 14-day stay of Federal Rule of Bankruptcy Procedure 4001(a)(3) is waived and inapplicable.

## JURISDICTION

1.  This Court has jurisdiction to consider this motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (G). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested in the motion are 11 U.S.C. § 362(d)(1) and Federal Rules of Bankruptcy Procedure 4001 and 9014.

## BACKGROUND

2.  Aldasheva and the Debtor were married on July 29, 2011. Aldasheva and the Debtor are each 50% members of an Illinois land trust named Neilsen Property Group, LLC ("**NPG**"). The property was placed into NPG at the time of the acquisition in December 2012.

3.  Aldasheva petitioned for divorce from the Debtor in April 2019, commencing case 19-D-2943 in the Circuit Court of Cook County.

4.  On September 13, 2022, the Circuit Court entered an order (attached hereto as Exhibit A) granting her "Motion to Grant Petitioner Sole Control of the Sale of the Marital Residence and for Other Relief." This order provides that the Movant shall have sole control over the sale of the marital residence and shall have sole decision making regarding all issues related to the same, including the appointment of a broker, the showings, the listing price, and the acceptance of any offer.

5. On January 12, 2023, the Movant filed her "Emergency Motion to Remove Respondent from the Marital Residence" and its "Supplement" (attached hereto as Group Exhibit B). This motion was necessitated by the Debtor's ongoing interference with the sale of the Property.

6. In his Responses (attached hereto as Group Exhibit C) the Debtor denies certain allegations, but admits:

- That he cannot afford to maintain the Property (see Response to Emergency Motion to Remove, at para. 6),

- That a Motion for Judgment of Foreclosure and Sale was entered in favor of JPMorgan Chase on March 10, 2020 (see Response to Emergency Motion to Remove, at para. 7),

- That the Circuit Court had previously directed him to list and maintain the Property for sale (see Response to Emergency Motion to Remove, at para. 8), and

- That he has failed to pay condominium assessments since June of 2022 (see Response to Emergency Motion to Remove, at para. 28).

7. Aldasheva's Emergency Motion was set for hearing on January 25, 2023 at 3:00 pm CT. The likely outcome of that hearing was that the Debtor would be removed from the Property. At 1:10 p.m. that afternoon, the Debtor filed his bare-bones petition for chapter 13 bankruptcy. As of this writing, no schedules, statement of financial affairs, "means test" forms, or plan are on file.

## RELIEF REQUESTED

8. Aldasheva requests that this Court enter an order, substantially in the form annexed hereto, granting her relief from the automatic stay that she may continue with her efforts to list and market the Property, including the removal of the Debtor from the Property, and ultimately sell the property. Aldasheva further requests that the 14-day stay of Rule 4001(a)(3) be waived for cause.

## BASIS FOR RELIEF REQUESTED

9. Section 362(d) of the Bankruptcy Code provides, in relevant part, that on request of a party in interest and after notice and a hearing, the Court shall grant relief from the stay provided under subsection (a) of that section, such as by terminating, annulling, modifying, or conditioning such stay for cause, including the lack of adequate protection of an interest in property of such party in interest.

10. Here, there are grounds to lift the automatic stay "for cause" under 11 U.S.C. § 362(d)(1).

11. In determining whether to modify the automatic stay for cause, factors generally looked-to in making that determination include the Debtor's good or bad faith, injury to the Debtor and other creditors if the stay is modified, injury to the movant if the stay is not modified, and the proportionality of the harms from modifying or continuing the stay. *See, e.g., Milne v. Johnson (In re Milne)*, 185 B.R. 280, 283 (N.D.Ill. 1995).

12. Here, the circumstances clearly weigh in favor of stay relief. The Debtor has admitted, in his family law case, that the property is in foreclosure and

that he cannot pay for the property. The Debtor, Aldasheva, and their marital estate may suffer significant harm if Chase, subsequent to its foreclosure, assesses a deficiency against them.

13. Further, the Debtor does not appear to have filed the case in good faith. The Debtor admits that he cannot pay the mortgage. Upon information and belief, Debtor did not file schedules relating to his debts and income because he does not qualify as a chapter 13 debtor.

14. Furthermore, the Circuit Court of Cook County has already directed that Aldasheva has "sole control" over the sale of the Property.

15. Aldasheva seeks to memorialize, in her proposed order, that she may take all steps necessary to enforce orders of the state court regarding the Property, including removing the Debtor and selling the Property without further involvement of the Bankruptcy Court (without prejudice to the rights of the Circuit Court of Cook County).

16. This Court's "Required Statement to Accompany All Motions for Relief from Stay" is attached hereto as Exhibit D.

## **NOTICE**

17. Pursuant to this Court's Local Rule 9013-1(D), notice of motion is to be given at least seven days before the date of presentment, regardless of the method of service. Aldasheva, instead, seeks for this motion to be heard on an emergency basis pursuant to Local Rule 9013-2.

WHEREFORE, Jamila Aldasheva prays this Court enter an order granting her relief from the automatic stay as provided herein.

Jamila Aldasheva,

By: */s/ Justin R. Storer*
One of her attorneys

Jeffrey K. Paulsen (ARDC 6300528)
Justin R. Storer (ARDC 6293889)
Law Office of William J. Factor, Ltd.
105 W. Madison Street, Suite 1500
Chicago, IL 60602
Tel: (312) 373-7226
Fax: (847) 574-8233
Email: jpaulsen@wfactorlaw.com
jstorer@wfactorlaw.com