UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In Re:                                          )        Case Number: 23-00974
                                                )
Brian Sexton                                    )        Chapter 13
                                                )        Honorable Jacqueline Cox
                    Debtor(s)                   )

**ORDER GRANTING EMERGENCY MOTION FOR RELIEF FROM AUTOMATIC STAY**

This matter, coming to be heard on the emergency motion of Jamila Aldasheva, this Court having jurisdiction and being fully-advised under the premises, this Court orders:

1. Jamila Aldasheva is granted relief from the automatic stay as to 25 East Superior, Unit 4201, Chicago, Illinois 60611 (the "Property").

2. Jamila Aldasheva may take all actions necessary to enforce the Circuit Court of Cook County's orders relating to the Property, including seeking to remove Brian Sexton from the Property and continuing her efforts to market and sell the Property. No grant of authority from the United States Bankruptcy Court for the Northern District of Illinois is required for her to sell the Property.

3. The Circuit Court of Cook County may enter and enforce its orders relating to the Property and to Brian Sexton, including an order directing the removal of Brian Sexton from the Property.

4. The Court finds that there is cause to modify the automatic stay to allow the state court to divide the parties' marital assets. Until that is done this Court will not know what is in the bankruptcy estate. *In re Thorpe*, 881 F.3d 536 (7th Cir. 2018). The Debtor objects to the motion herein arguing that there is equity in the property beyond the debt(s) it secures.

5. That may well be the case. However, until the marital estate's division we will not know to whom that equity belongs, to the Debtor or his former spouse, the movant. In addition, the movant's concerns outweigh the Debtor's objection and concerns. The Debtor asks that this motion be continued to allow him to complete his obligations to file schedules and to make other disclosures pursuant to section 521 of the Bankruptcy Code. That is not acceptable. The state court is responsible for supervising the orderly sale of the parties' assets. Lifting the automatic stay facilitates that without sacrificing or prejudicing the Debtor's rights.

6. The 14-day stay of Federal Rule of Bankruptcy Procedure 4001(a)(3) is waived and is hereby made inapplicable.

Enter:

Dated:   January 30, 2023

_____
United States Bankruptcy Judge